**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**KELLY CHAVEZ,**

    **Plaintiff,**

**v.**                                                                           **No. 14-cv-0453 SMV**

**CAROLYN W. COLVIN, Acting Commissioner of**
**Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 15] ("Motion"), filed on December 12, 2014. The Commissioner responded on March 2, 2015. [Doc. 19]. Plaintiff replied on April 2, 2015. [Doc. 20]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") impermissibly stopped the sequential evaluation process ("SEP") at step two. Accordingly, the Motion will be granted and the case remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).  Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step SEP.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; and (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience.  *Id.*

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on December 20, 2010.  Tr. 83.  Plaintiff alleged a disability-onset date of December 31, 2006, the date through which he met the insured status requirements of the Social Security Act.[3]  *Id.* Accordingly, Plaintiff had to establish that he was disabled on or before December 31, 2006.  *See*

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.
[3] The ALJ considered denying the application as barred by res judicata, but ultimately, he did not.  Tr. 84.  Plaintiff had filed an identical claim on July 30, 2008 (i.e., a claim for DIB with an alleged onset date of December 31, 2006).  *Id.*  That claim was denied on November 5, 2008.  Neither Plaintiff nor his non-attorney representative appealed because they said that neither received notice of the denial.  *Id.*  The ALJ gave Plaintiff "every benefit of a doubt" and elected not to dismiss the December 20, 2010 application.  *Id.*

*id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* On May 2, 2012, a hearing was held before ALJ Barry Robinson, in Albuquerque, New Mexico. Tr. 83, 91–120. Plaintiff appeared in person with his non-attorney representative. Tr. 83, 91–120. The ALJ heard testimony from Plaintiff but did not call the impartial vocational expert who had appeared by telephone. Tr. 83, 91–120.

The ALJ issued his unfavorable decision on August 29, 2012. Tr. 83–90. At step one, he found that Plaintiff was not engaged in substantial gainful activity on December 31, 2006, the alleged onset date and also Plaintiff's date last insured ("DLI"). Tr. 86. Accordingly, the ALJ proceeded to step two. *See id.* There, he found that Plaintiff suffered from osteoarthritis in the right hip. *Id.* However, he found that the impairment did not qualify as "severe." Tr. 86–90. In particular, the ALJ found that Plaintiff had "not produced sufficient evidence of disability prior to his [DLI. The ALJ] agree[d] with [Dr. Gelina's] opinion that there [was] insufficient evidence to find [that Plaintiff] had an impairment or combination of impairments that significantly limited his ability to perform basic work activities prior to [his DLI]." Tr. 90. Because the ALJ found that Plaintiff suffered from no severe impairments, he did not proceed further in the SEP. *See id.* Therefore, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claim. Tr. 90. The Appeals Council denied Plaintiff's request for review on March 18, 2014.[4]  Tr. 1−4. Plaintiff timely filed the instant action on May 15, 2014. [Doc. 1].

---

[4] Plaintiff submitted new evidence to the Appeals Council, but the Appeals Council determined that the evidence was not temporally relevant and declined to make it part of the record. Tr. 1–2. Plaintiff raises no challenge related to that evidence. *See* [Doc. 15].

## Analysis

Plaintiff argues that the ALJ erred in ending the SEP (and finding him not disabled) at step two. [Doc. 15] at 8–11.  Plaintiff posits that because the ALJ could not "determine clearly the effect of an impairment or combination of impairments on [Plaintiff's] ability to do basic work activities," he violated Social Security Ruling ("SSR") 85-28 by not proceeding past step two.  *Id.* at 8 (quoting SSR 85-28).  Defendant argues that the ALJ "reasonably found that there simply was not evidence to support Plaintiff's claims that he had any severe impairments on December 31, 2006."  [Doc. 19] at 9.  Plaintiff is correct.

SSR 85-28 requires more than a finding that the evidence is "insufficient" to determine that an impairment is severe at step two.  It requires that the evidence "clearly establish[]" that the impairment is *not* severe.  The ruling reads, in pertinent part:

> A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities.  If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.

SSR 85-28, 1985 WL 56856, at *3.  In this case, the ALJ found that there was "insufficient evidence" to find that Plaintiff had a severe impairment prior to his DLI.  Tr. 90.  That is not the same as a finding that the medical evidence clearly establishes that Plaintiff's impairments were *not* severe.[5]  Under SSR 85-28, therefore, the ALJ should have proceeded in the SEP.

---

[5] The Commissioner argues, in effect, that it is the same.  In essence, the Commissioner argues that Plaintiff's impairment is either severe or non-severe, and a finding that the evidence fails to prove that it is severe is the same as a finding that it is non-severe.  But if that were correct, then that portion of SSR 85-28 which begins, "If such a finding is not clearly established by medical evidence," would be rendered illusory.  If there are two possible outcomes, A and B, to say that there is insufficient evidence to prove A does not "clearly establish" B.  It could be

As Plaintiff points out, there is evidence of record that could support a finding of a severe impairment. [Doc. 15] at 8 (citing Tr. 113–15 (Plaintiff's testimony regarding his ability to walk during the relevant time period); Tr. 266 (diagnosis of severe osteoarthritis prior to the expiration of Plaintiff's inured status)). However this Court may not weigh the evidence. Absent a finding by the ALJ that the evidence "clearly established" that Plaintiff had no severe impairment, the ALJ was required to continue through the SEP. *See* SSR 85-28 at \*3. The ALJ did not proceed in the SEP, and remand is warranted.

Plaintiff makes other related arguments, but the Court declines to address them at this time because they may be affected on remand by step-two findings that comply with SSR 85-28.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 15] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

that there is insufficient evidence to establish either A or B. That is why the second sentence quoted above is in SSR 85-28, to cover the situations in which neither severity or non-severity has been established at step two.