IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KELLY CHAVEZ,

    Plaintiff,

v.                                                                                                          No. 14-cv-0453 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 24] ("Motion"), filed on August 13, 2015. The Commissioner responded on August 19, 2015. [Doc. 25]. Plaintiff replied on August 31, 2015. [Doc. 26]. The parties have consented to my entering final judgment in this case. [Doc. 8]. Plaintiff moves the Court for an award of attorney fees in the amount of $5,157.36 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Doc. 24] at 1. Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and should be granted.

### Background

The Commissioner denied Plaintiff's application for a period of disability and disability insurance benefits. *See* Tr. 83. After exhausting his administrative appeals, Plaintiff timely filed an action in this Court on May 15, 2014. [Doc. 1].

The Court found that the ALJ had committed reversible legal error at step two of the sequential evaluation process ("SEP"). [Doc. 22] at 5–6. The ALJ had found at step two that Plaintiff had no "severe impairment or combination of impairments" prior to his date last insured ("DLI"). Tr. 86. The ALJ, therefore, terminated the SEP and denied the claim. Tr. 86–90. The ALJ explained that Plaintiff had "not produced sufficient evidence of disability prior to his [DLI. The ALJ] agree[d] with [Dr. Gelina's] opinion that there [was] insufficient evidence to find [that Plaintiff] had an impairment or combination of impairments that significantly limited his ability to perform basic work activities prior to [his DLI]." Tr. 90.

However, to find that a claimant has no severe impairment (and, thus, terminate the SEP and deny the claim), Social Security Ruling ("SSR") 85-28 requires more than a finding that the evidence is "insufficient." It requires that the evidence "clearly establish[]" that the impairment is *not* severe. SSR 85-28, 1985 WL 56856, at *3. Nevertheless, in litigation, the Commissioner seemed to argue that there was no difference between the two. In essence, the Commissioner argued that Plaintiff's impairment was either severe or non-severe, and the ALJ's finding that the evidence failed to prove that it was severe was the same as finding that it was non-severe. *See* [Doc. 22] at 5–6. The Court disagreed.

There was some evidence in the record that could have supported a finding of a severe impairment at step two. *Id.* at 6. And because the ALJ did not find that the evidence "clearly established" that Plaintiff had no severe impairment, the ALJ was required to continue through the SEP. *Id.* (citing SSR 85-28 at *3). The ALJ's finding at step two—that there was "insufficient evidence" of a severe impairment—was not enough. The Commissioner's final

2

decision, therefore, failed to comport with SSR 85-28, and remand was warranted. [Doc. 22] at 5–6.

## Analysis

Plaintiff now requests an award of attorney fees of $5,157.36 pursuant to EAJA. [Doc. 24] at 4. The Commissioner opposes the Motion because, she argues, her position was substantially justified. [Doc. 25] at 4–7.

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust. Their sole disagreement is whether or not the Commissioner's position was substantially justified. [Docs. 24−26].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts. 28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people

could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)).  A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988).  For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

In this case, the Commissioner argues that her position was substantially justified. [Doc. 25] at 4–6.  She argues that "despite the ALJ's reference to 'insufficient evidence' in his conclusion (Tr. 90), the ALJ's decision makes clear that he analyzed all of the evidence that existed in the case . . . and found that that evidence did not establish that Plaintiff had any severe impairments that significantly limited his ability to perform basic work activities prior to his date last insured (Tr. 86–90)." [Doc. 25] at 5.  Besides, she argues, Plaintiff had the burden of proof at step two. *Id.*

The Court is not persuaded that the Commissioner's position was substantially justified. SSR 85-28 expressly requires a finding that the evidence "clearly establishes" that the claimant

has no severe impairment. The Commissioner was not substantially justified in arguing that the ALJ's finding (that the evidence at step two was "insufficient") satisfied SSR 85-28.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 24] is **GRANTED**, and Plaintiff Kelly Chavez is authorized to receive $5,157.36 for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**